Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff.
LINDA AUGUSTINE

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO DIVISION**

| | |
|---|---|
| LINDA AUGUSTINE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NCO FINANCIAL SYSTEMS, INC., )<br>)<br>Defendant. )<br>) | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## PLAINTIFF'S COMPLAINT

LINDA AUGUSTINE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Hudson, Black Hawk County, Iowa, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt **(reference #J139069)** from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

VERIFIED COMPLAINT

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see Exhibit A).

14. Defendant is attempting to collect Plaintiff does not owe.

15. Defendant contacted a third party in an attempt to collect Plaintiff's alleged debt (see Exhibit A).

16. Defendant disclosed information about Plaintiff's alleged debt to a third party (see Exhibit A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDCPA by communicating with a third party in connection with the collection of Plaintiff's alleged consumer debt (see Exhibit B).

    b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without

        meaningful disclosure of the caller's identity because Defendant called Plaintiff and hung up or did not respond when Plaintiff answered the phone.

    d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character and amount of Plaintiff's alleged debt because Plaintiff does not owe this consumer debt.

    e. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not permitted by law because Plaintiff does not owe this debt.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, LINDA AUGUSTINE, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LINDA AUGUSTINE, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: November 7, 2008     KROHN & MOSS, LTD

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IOWA

Plaintiff, LINDA AUGUSTINE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LINDA AUGUSTINE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 11.6.08

_____
LINDA AUGUSTINE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

My name is Karen VandeKrol, and Linda Augustine is my house guest. Within the last couple of months, I received messages on my answering machine from NCO regarding an account that had been turned over to collections. I was given a phone number to call, which I did. I had no idea what it was about.

I told them I had no unpaid bills and wondered what the call was referring to. That's when they told me they were looking for Linda (Augustine) Neidert. I copied the phone number and took a message and gave it to Linda.

When my son heard about the situation, he asked why that company kept calling us. Apparently they had called repeatedly when he was home and I didn't know it.

This is not Linda's permanent address. She is staying with me until she finds a house. I have no idea how they got my number or knew to call here.

Just about anything else I know is based on conversations that Linda and I had about this collection agency. She told me that she called the Satellite Dish company and they told her that NCO was a collections agency that their company used. Linda also told me that the Dish company checked her account and confirmed that she did not owe them anything.

After she spoke to the representative at NCO, Linda was upset because they had badgered her and were trying to convince her that she owed something that she did not owe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — YES **NO**
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Anger + frustration that the collection agency would not listen, they were rude and that contacted a friend that was not privy to this information before the call brought it to her attention.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 11-6-08

Linda S. Augustine
Signed Name

Linda S. Augustine
Printed Name